**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Edward J. WILSON, Frank Lorenz, and Gordon Miller, doing business as Ludlow Marine Basin, Defendants-Appellees.**

**No. 238, Docket 23818.**

United States Court of Appeals
Second Circuit.

Argued Jan. 20, 1956.

Decided Aug. 3, 1956.

George C. Mantzoros, Asst. U. S. Atty., Southern District of New York,

New York City (Paul W. Williams, U. S. Atty., S. D. N. Y., New York City, on the brief), for plaintiff-appellant.

Myle J. Holley, New York City, for Edward J. Wilson and Frank Lorenz, defendants-appellees.

James Bennett, Yonkers, N. Y., for Gordon Miller, defendant-appellee.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

This is an action brought by the United States to compel the defendants to remove a sunken barge from the Hudson River at Verplanck, New York. The defendants in succession each owned the barge at one time. The suit was brought under the Rivers and Harbors Acts of 1890[1] and 1899.[2]

Judge Clancy found that the defendant Wilson owned the barge at the time when it sank in 1938; that Wilson sold to the defendant Lorenz who in turn sold to the defendant Miller and that as early as 1940 the Government had knowledge of the location and condition of the sunken barge. Holding that the prior owners could not be held on any theory, he concluded (1) that the barge when Miller bought it in its sunken condition, was a "vessel" (in contradistinction from a "structure" within the meaning of 33 U.S.C.A. § 406), and as such its removal by the owner could not be compelled under any applicable law, and (2) that it was inequitable for the Government by suit not begun until 1951 to subject the present owner, Miller, to the expense of removal. Accordingly, after the close of evidence at the trial, he dismissed the complaint and this appeal ensued.

We affirm the result but deem it unnecessary to decide whether the doctrine of laches was rightly invoked against the Government. For that aside, we think that on the facts and the applicable law the ruling made was right. Although there was some evidence that the barge had been deliberately scuttled in 1938, there was no finding, and no evidence to support a finding, that the scuttling was done at Wilson's behest or with his knowledge. Certainly the scuttling had been accomplished before Lorenz and Miller became the owners.

■■ We hold that § 10 of the Rivers and Harbors Act of 1890 was repealed by the Act of 1899. Section 20 of the later Act, in its final paragraph, 30 Stat. 1155, provided: "That all laws or parts of laws inconsistent with the foregoing sections ten to twenty, inclusive, of this Act are hereby repealed * * *." See Historical Note under 33 U.S.C.A. § 415. Sections 10, 12, 15 and 19 of the Act of 1899[3] were inconsistent with § 10 of the 1890 Act.

It is true that this holding is in conflict with United States v. Wishkaw Boom Co., 9 Cir., 1905, 136 F. 42, appeal dismissed 202 U.S. 613, 26 S.Ct. 765, 50 L.Ed. 1171, upon which the Government relies. It was there said that § 10 of the 1890 Act, which prohibits both the creation and the continuance of an obstruction, is not inconsistent *with § 10 of the later Act*, which prohibits the creation of obstructions but not their continuance, and that therefore § 10 of the earlier Act does not fall within the scope of the repeal clause carried in § 20 of the later Act. We cannot agree with that holding.[4]

---

1. Act of 1890, Section 10, 26 Stat. 454. For the text of this section, see Editorial Comment under 33 U.S.C.A. § 403.

2. Act of 1899, Sections 10, 12, 30 Stat. 1151, 33 U.S.C.A. §§ 403, 406.

3. Sections 12, 15 and 19 now appear as 33 U.S.C.A. §§ 406, 409 and 414, respectively.

4. In the Wishkaw Boom case, the obstruction complained of was a log boom rather than a sunken vessel. And the court advanced as an alternative and unimpeachable ground for its decision the fact that the cause of action accrued prior to the enactment of the Act of 1899 and hence was not affected by the repeal provisions of § 20 of the 1899 Act which expressly saved rights of action previously accrued.

With deference, we think that the court overlooked the fact that the repeal clause covered prior laws which were inconsistent not merely with § 10 of the later Act but, rather, inconsistent with §§ 10 to 20, inclusive, of the later Act. As we have noted, if §§ 10, 12, 15 and 19 of the later Act be read together as they should be, they are inconsistent with § 10 of the earlier Act. By way of editorial comment to 33 U.S. C.A. § 403 it was stated that § 10 of the earlier Act "was probably omitted from the Code [as indeed it was] as superseded by" § 10 of the 1899 Act. We hold that it was indeed repealed by § 20 of the 1899 Act.

Thus the problem is resolved to this: Is the Government entitled to an injunction under the later Act?

As to this, the only section of the later Act which contains injunctive provisions possibly applicable here is § 12, 33 U.S.C.A. § 406. The injunctive power so provided is expressly limited to "the removal of any structures or parts of structures erected in violation of the provisions of" §§ 9, 10 and 11 of the 1899 Act. 33 U.S.C.A. §§ 401, 403 and 404. Clearly, our sunken barge is not a structure prohibited by §§ 9 and 11 which were concerned with bridges, dams, piers, wharves, etc. Nor, we hold, was it a "structure" as denounced in § 10, 33 U.S.C.A. § 403. In re Eastern Transportation Co., D.C., 102 F.Supp. 913. That section prohibits, first, "The creation of any [unauthorized] obstruction * * * to the navigable capacity" of United States waters, and, second, the building of "any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other *structures*" in any port, etc. (Emphasis supplied.) It thus makes a plain distinction between "obstructions" and "structures." Section 12, 33 U.S.C.A. § 406, deliberately we think, restricts its injunctive power to "structures" and thereby excluded from its injunctive scope the "obstructions" denounced by § 10, 33 U.S.C.A. § 403. This construction, which we think required by the plain language of the Act and its context, is corroborated by the strong intimations of §§ 15 and 19, 33 U.S.C.A. §§ 409 and 414. Since the injunctive powers conferred by § 12 are limited to the removal of structures violating §§ 9, 10 and 11, clearly they do not extend to violations of §§ 15 and 19. Under § 15 it is the duty of the owner of a sunken craft to commence the immediate removal thereof. But failure to remove is "considered as an abandonment" thereof which is ground for removal *by the United States* as provided by § 19. And § 19 confers power on the Secretary of War to remove the craft with provision (not to charge the cost of removal to the owner) to forfeit the craft to the contractor employed to accomplish the removal.

Thus we find nothing in the 1899 Act which justifies an injunction whereby the cost of removal may be saddled upon any of these defendants. This conclusion is in accord with In re Eastern Transportation Co., supra. On this ground we hold that the dismissal was rightly granted.

Affirmed.